Entered: March 27th, 2024
Signed: March 27th, 2024



**MICHELLE M. HARNER**
**U.S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

In re:                                        *
                                              *
Genevievette Walker-Lightfoot,      *          Case No. 19-26957-MMH
                                              *
             Debtor.                     *          Chapter 13
                                              *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### <u>MEMORANDUM OPINION</u>

This matter is before the Court on the Objection to Claimed Exemption (the "Objection"), filed by the Chapter 13 Trustee (the "Trustee"), and the Response thereto filed by Ms. Genevievette Walker-Lightfoot, the above-captioned chapter 13 debtor (the "Debtor"). ECF 100, 102. The Objection pertains to the Debtor's exemption claim for the proceeds of a legal malpractice cause of action under Md. Code Ann., Cts & Jud. Proc. § 11-504(b)(2). The Court held a hearing on the Objection, the Response, and all related papers on January 17, 2024 (the "Hearing"). ECF 100, 102, 114, 135. The Debtor and counsel to the Debtor and to the Trustee appeared at the Hearing. For the reasons set forth below, the Court will sustain the Objection (and deny the Debtor's motion for judgment on partial findings), and grant the Debtor leave to file an amended Schedule C,

including with respect to her claimed exemption under Md. Code Ann., Cts & Jud. Proc. § 11-504(b)(2).[1]

## A. Relevant Background

The Debtor filed a petition for relief under chapter 13 of the Bankruptcy Code[2] on December 23, 2019. ECF 1. The Debtor has filed her proposed chapter 13 plan and has amended that proposed plan on several occasions.[3] The Court has not yet confirmed the plan. The confirmation process in this case has been delayed, in part, by a disagreement concerning the treatment of a prepetition cause of action identified by the Debtor.

The cause of action at issue concerns the Debtor's legal representation in a prior chapter 13 case. The Debtor asserts that her counsel in that case committed legal malpractice (the "Malpractice Claim"). The Debtor filed a lawsuit against her formed counsel in the Maryland circuit court. The Debtor and her former counsel ultimately settled the lawsuit for $25,000.00.

The Debtor listed the Malpractice Claim as an asset of her bankruptcy estate and as exempt on her amended Schedules A/B and C, respectively.[4] ECF 99. Specifically, the Debtor described the Malpractice Claim as a "Malpractice claim against [former counsel] related to Case Number 17-18147" and claimed three separate exemptions under Md. Code Ann., Cts. & Jud.

---

[1] Federal Rule of Bankruptcy Procedure 1009 provides that a schedule, among other documents, "may be amended by the debtor as a matter of course at any time before the case is closed." Fed. R. Bankr. P. 1009(a). The Court refers to the Federal Rules of Bankruptcy Procedure herein as the "Bankruptcy Rules."

[2] 11 U.S.C. §§ 101 et seq. (the "Code"). The Court sets forth certain references and citations in the footnotes of this Opinion solely to allow for the provision of more (rather than less) information; the use of footnotes is not intended to minimize the importance of the materials or their relevance to the Court's holding.

[3] See, e.g., ECF 13, 31, 33, 38, 48, 62, 65, 90, 91, 97, 98.

[4] Under section 522 of the Code, a debtor may choose between federal or state exemptions, "unless the State law that is applicable to the debtor … specifically does not so authorize." 11 U.S.C. § 522(b)(2). Maryland has opted out of the federal exemptions provided by the Code. Md. Cts. & Jud. Proc. § 11-504(g). Schedule C itself requires that a debtor specify "the amount of the exemption you claim[,]" and provide the "[s]pecific laws that allow exemption." Official Form 106C.

Proc. § 11-504(b)(2), (b)(5), and (f)(1)(i)(1). ECF 99, Amended Schedule C. The Objection focuses solely on whether the Debtor may exempt the Malpractice Claim under Md. Code Ann., Cts. & Jud. Proc. § 11-504(b)(2). ECF 100.

### B. **The Hearing**

The Hearing in this matter was somewhat unusual procedurally. The Hearing began with a lengthy discussion regarding whether the Trustee would be permitted to rely on any evidence at all or any evidence other than what was on the docket of this case at the time of the Hearing.[5] The Trustee argued that he could rely on the Debtor's pre-filed exhibits and the Debtor's testimony; and the Debtor argued that the Trustee was foreclosed from offering any additional evidence. The Court took this question under advisement and now rules that the Trustee may not introduce any documents (other than the Debtor's schedules, including amended Schedule C) or testimony in support of his case in chief. Based on that record and at the close of the Trustee's case in chief, the Debtor's counsel moved for a judgment on partial findings under Federal Rule of Civil Procedure 52(c), made applicable to this contested matter by Bankruptcy Rules 7052 and 9014(c), on the grounds that the Trustee failed to meet his burden under the Code and the Bankruptcy Rules. The Court heard arguments on the request and took the matter under advisement.

---

[5] The Court acknowledges that papers filed on the docket in any given case may be relevant to a matter before the Court. Although counsel often identify such papers as proposed exhibits prior to any evidentiary hearing or trial (and that may in fact be best practices in any case), the Trustee did not do so here. Moreover, even if the Court were to consider documents on the docket other than the Debtor's schedules, it would not change the Court's analysis, and such expanded consideration would not include documents filed on the docket solely as exhibits in support of the Debtor's case in chief. Those documents are filed on the docket as an administrative matter for the Court to allow electronic access to exhibits in the courtroom and carry no weight in the matter unless and until they are introduced and admitted into evidence.

This being a bench, not a jury, trial the Court preserved the Debtor's objections and moved on to the Debtor's case in chief.[6] The Debtor offered several documents that were admitted into evidence, and she testified in support of her claimed exemptions. Although the Court allowed the Trustee to question the Debtor both on cross-examination and on certain independent issues as if the Trustee had called the Debtor as an adverse witness in his own case, the Trustee did not separately identify any witnesses to offer testimony in support of the Objection. In this Opinion, the Court relies only upon evidence that it finds is admissible under all applicable rules.

The Court addresses the Trustee's evidentiary case and his burden under the Code and the Bankruptcy Rules, as well as the Debtor's motion for judgment on partial findings, in the findings of fact and conclusions of law below.[7]

## C. **Findings of Fact**

The Trustee relied primarily on the docket in this case to support his position. Hrg. Rec. 1:25. The Trustee did not file a separate exhibit or witness list; rather, he relies upon the doctrine of judicial notice. The Court noted at the Hearing that it could take judicial notice of the fact that certain documents were filed but was unsure whether judicial notice was sufficient in this matter. *Id*. at 1:26. The Court has now reviewed applicable law and the most relevant document, namely the Debtor's amended Schedule C, and finds that Federal Rule of Evidence 201 supports the Court's consideration of the docket as part of the Trustee's case in chief.[8] The Objection identifies

---

[6] The Court proceeded in this manner for purposes of judicial economy and to permit the creation of as complete a record as possible in order to resolve this matter fully.

[7] The Court has jurisdiction over this contested matter pursuant to 28 U.S.C. § 1334. The District Court has referred this case and this matter to this Court under 28 U.S.C. § 157(a) and Local Rule 402 of the United States District Court for the District of Maryland. This matter is a "core proceeding" under 28 U.S.C. § 157(b)(2). This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Civil Procedure 52, made applicable to this matter by Bankruptcy Rules 7052 and 9014.

[8] Federal Rule of Evidence 201 provides in relevant part that the Court "may judicially notice a fact that is not subject to reasonable dispute because it … (2) can be accurately and readily determined from sources whose accuracy cannot

4

the Debtor's amended Schedule C, and that document was signed by the Debtor under oath. The amended Schedule C, in turn, represents uncontroverted facts that are admissible under Evidence Rule 201 and other applicable rules.[9]

The Debtor's testimony focused on the nature of her allegations against her former counsel and her primary source of damages, which she described as emotional distress damages. Hrg. Rec. 1:42–1:58:50. The Debtor explained that, from her perspective, her former counsel's actions caused her to lose her home and to experience a wide range of emotional harm and significant stress. *Id*. She provided examples of interactions with the ultimate buyer of her home and how she had to struggle and scramble to find a place for herself and her young daughter to live. *Id*. at 1:47:30–1:49. She spoke at several points about how these matters affected her and her daughter and triggered deep feelings of sadness, depression, and hopelessness. *Id*. at 1:49–1:54; 1:56. The Debtor mentioned in passing her assistance from a therapist, but no evidence was presented to support this testimony. *Id*. at 1:52:30.

In addition to the Debtor's testimony, the Debtor offered into evidence her original Schedules in this case and her prior chapter 13 case (Case No. 17-18147), as well as her amended

---

reasonably be questioned." Fed. R. Evid. 201(b)(2). Here, the Debtor cannot reasonably question the accuracy of her bankruptcy schedules as she signed them under penalty of perjury. *See also, e.g., In re Mullins*, 360 B.R. 493 (Bankr. W.D. Va. 2007); *In re Harmony Holdings, LLC*, 393 B.R. 409 (Bankr. D.S.C. 2008) (taking judicial notice of the debtor's schedules and noting that "they are admissions of the Debtor signed under penalty of perjury."); Fed. R. Evid. 801(d)(2). As the United States District Court for the District of Maryland has explained,

> "[A] court may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'" *Goldfarb*, 791 F.3d at 508; *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 466 (4th Cir. 2011), *cert. denied*, ⸺ U.S. ⸺, 132 S. Ct. 115 (2011); *Philips*, 572 F.3d at 180. Pursuant to Fed. R. Evid. 201, a court may take judicial notice of adjudicative facts if they are "not subject to reasonable dispute," in that they are "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

*Mua v. Maryland*, No. CV ELH-16-01435, 2017 WL 633392, at *6 (D. Md. Feb. 15, 2017), *aff'd*, 700 F. App'x 309 (4th Cir. 2017).

[9] Fed. R. Evid. 801–807.

Schedules and the release agreement executed in connection with the settlement of the Malpractice Claim.[10] ECF 135. The Debtor relied on the two sets of original Schedules to show, among other things, that she had no equity in her home at the time of the foreclosure. D. Ex. 1, 2. Hrg. Rec. 1:43:30. The Debtor asserted this as a basis to support her position that her only (or at least primary) damages in connection with the Malpractice Claim were emotional distress damages.

The Court evaluates below the foregoing facts under the Code, the Bankruptcy Rules, and Maryland law.

### D. Legal Analysis and Conclusions of Law

An individual debtor's ability to claim exemptions is an important component of a debtor's fresh start. Without proper exemptions, a debtor may not have adequate financial stability after bankruptcy and may experience more, rather than less, financial distress. For those and other reasons, exemptions are generally construed in favor of the debtor, and the party objecting to an exemption bears the burden of proof. *See In re Hurst*, 239 B.R. 89, 91 (Bankr. D. Md. 1999) ("Under Maryland law exemptions are to be liberally construed to effect the purpose for which they were enacted. *See Muhr v. Pinover*, 67 Md. 480, 487, 10 A. 289 (1887); *In re Taylor*, 312 Md. 58, 71 n. 5, 537 A.2d 1179, 1185 n. 5 (1988)."); Fed. R. Bankr. P. 4003(c) ("In any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly claimed.").

---

[10] Each of these exhibits was admitted into evidence without objection. The Debtor also listed as a potential exhibit, but did not offer, the Complaint filed in the Maryland circuit court with respect to the Malpractice Claim. Although the Court permitted the Trustee to examine the Debtor regarding the Complaint at the Hearing, it does not consider either the Complaint or the related testimony herein. The Court further notes that the Hearing Witness/Exhibit List and Exhibits filed by the Debtor were not timely filed under the Evidentiary Protocol entered by the Court. ECF 120, 135. The Court, however, also notes that the United States Court of Appeals for the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Prep. Academy, Inc. v. Hoover Univ., Inc.*, 626 F.3d 413, 417 (4th Cir. 2010).

1.    *Burden of Proof*

Section 522(l) of the Code provides that "[u]nless a party in interest objects, the property claimed as exempt on such list is exempt." 11 U.S.C. § 522(l). Bankruptcy Rule 4003(c) then places the burden of showing that an exemption "is not properly claimed" on the objecting party.[11] The Trustee objected to the Debtor's amended Schedule C, arguing that the schedule failed to adequately support an exemption of the Malpractice Claim under Md. Code Ann., Cts & Jud. Proc. § 11-504(b)(2).

Bankruptcy courts have developed at least three different approaches to the analysis of objections to claims of exemptions under Bankruptcy Rule 4003. First, some courts hold that the burden of proof (both the burden of production and persuasion) rest fully on the objecting party. Second, other courts have found that Bankruptcy Rule 4003(c) offends the Rules Enabling Act, and the burden of proof provided therein is invalid.[12] Last, some courts posit that Bankruptcy Rule 4003(c) creates a burden shifting framework, in which an objector need only make an initial showing that an exemption is not properly claimed, after which the burden shifts to the debtor to establish that the property was properly exempted.[13]

---

[11] The Supreme Court has noted that, under Bankruptcy Rule 4003(b) and Section 522(l), an exemption cannot be contested out of time, even if the debtor has no "colorable statutory basis for claiming it." *Taylor v. Freeland & Kronz*, 503 U.S. 638, 643 (1992). Thus, a trustee must object to an exemption within the time frame set by Bankruptcy Rule 4003(b), which in this case, was 30 days from the filing of the amended Schedule C. No party contests the timeliness of the Trustee's Objection in this matter.

[12] *See, e.g., In re Tallerico*, 532 B.R. 774, 778 (Bankr. E.D. Cal. 2015) ("Rule 4003(c) offends the Bankruptcy Rules Enabling Act with respect to state-law exemptions and must give way to the state statute."); *In re Lerner*, 611 B.R. 409 (Bankr. D. Kan. 2019) (agreeing with *Tallerico*); and *In re Diaz*, 547 B.R. 329 (B.A.P. 9th Cir. 2016) (affirmatively citing *Tallerico*).

[13] *See, e.g., In re Man*, 428 B.R. 644, 653 (Bankr. M.D.N.C. 2010); *In re Holt*, 357 B.R. 917, 921 (Bankr. M.D. Ga. 2006); *In re Peacock*, 292 B.R. 593, 596 (Bankr. S.D. Ohio 2002); *In re Davis*, No. 99–00358, 1999 WL 33486078 at *2 (Bankr. D.S.C. May 28, 1999); *In re Bennett*, 192 B.R. 584, n. 9 (Bankr. D. Me. 1996); *In re Hodgson*, 167 B.R. 945, 950 (D. Kan. 1994).

Some of the "burden shifting" courts have held that, although Bankruptcy Rule 4003(c) creates a burden shifting framework, an objector must "produce evidence to rebut the presumptively valid exemption[,]" after which the burden of production "shifts to the debtor to come forward with unequivocal evidence to demonstrate that the exemption is proper. The burden of persuasion, however, always remains with the objecting party." *Carter v. Anderson (In re Carter)*, 182 F.3d 1027, n. 3 (9th Cir. 1999) (internal citations omitted). Other of the "burden shifting" courts have determined that an objecting party need only make a "prima facie" case to shift the burden of production to the debtor to show that the exemption is properly claimed. *See, e.g., In re Branscum*, 229 B.R. 32 (Bankr. M.D. Fla. 1999); *In re Davis,* No. 99–00358, 1999 WL 33486078 at *2 (Bankr. D.S.C. May 28, 1999).

In considering which approach to adopt, the Court is mindful of the policy objectives underlying exemption statutes, including section 522 of the Code, and chapter 13 of the Code. The Court strives here to allow debtors to maintain assets permissible under exemption statutes and necessary to facilitate the debtor's rehabilitation and fresh start, while protecting the integrity of the system and discouraging abuse. In this regard, the Court is guided, as it must be, by the language of the Code and the duties imposed thereunder on both debtors and parties objecting to exemptions.

A debtor may not simply list an asset and identify an exemption statute without some context or indication of why or how the asset is exempt under applicable law. For example, a debtor who is an accountant by trade should not be able to list an electric saw under a tools of the trade exemption without explaining the application of the chosen exemption to the identified asset. In such a scenario, a timely objection that notes the inadequacy of the claimed exemption is a

8

facially valid objection, without requiring more—at that point—from the objecting party. Whether this approach is called a "facially valid objection" or a "facially invalid exemption," the result is the same and akin to the burden shifting approach described above.

Under such an approach, when a debtor's claim of exemption is found to be "facially invalid" (in other words, the debtor has failed to identify the kind or amount of property plainly recognized as exempt under the exemption statute), objecting parties can point to the applicable statutory language to sustain their initial burden of proof under Bankruptcy Rule 4003. *See, e.g., In re Massey*, 465 B.R. 720 (B.A.P. 1st Cir. 2012) (discussing an objection to claim of exemption of "100% of FMV"). The *Massey* decision is instructive here.

In *Massey*, the court addressed the adequacy of a claimed objection at 100% of fair market value under an exemption statute that limited the amount of the exemption. Although the deficiency in the debtor's claimed exemption differs from that asserted in this case, the court's analysis and application of relevant Supreme Court decisions apply with equal force.[14] The *Massey* court determined that an objection to an exemption may be facially valid if supported by the language of the Code and deficiencies in the debtor's exemption schedule. The court found its holding consistent with Supreme Court precedent, noting that "the only burdens [the Supreme Court's] conclusion [in *Schwab*] imposes are burdens the Code itself prescribes, specifically, the burdens the Code places on debtors to state their claimed exemptions accurately and to conform such claims to statutory limits." *Massey*, 465 B.R. at 728.

---

[14] *See Schwab v. Reilly*, 560 U.S. 770 (2010); *Taylor v. Freeland & Kronz et al.*, 503 U.S. 638 (1992).

The Court is persuaded by the discussion in *Massey* and those cases applying a shifting approach to the burden of production.[15] An objecting party must establish in the first instance that the exemption is not properly claimed by making a prima facie case that the objection should be sustained.[16] A showing that the claimed exemption is facially invalid meets this standard. A debtor then may provide additional evidence to support the validity of the claimed exemption, which if done, leaves the ultimate burden of persuasion on the objecting party. Such an approach is consistent with the language of the Code and the Bankruptcy Rules,[17] the parties' respective duties thereunder,[18] and appropriate policy considerations.

---

[15] *See, e.g., In re Man*, 428 B.R. 644, 653 (Bankr. M.D.N.C. 2010) ("While the Trustee retains the burden of proof throughout (it does not shift), once the objecting party produces evidence to rebut the claimed exemption, the burden of production shifts to the debtor 'to come forward with unequivocal evidence to demonstrate that the exemption is proper.' *In re Carter*, 182 F.3d 1027, n. 3 (9th Cir.1999)) (internal citations omitted). The burden of production shifting approach has been adopted by numerous courts. *See supra* note 13.

[16] Black's Law Dictionary defines *prima facie case* in relevant part as "[a]t first sight; on first appearance but subject to further evidence or information." *Prima facie*, Black's Law Dictionary (11th ed. 2019).

[17] The Court notes that a burden shifting approach as provided in this Opinion gives proper deference to state law while following the *procedure* for claiming, and initiating an objection to, an exemption under section 522(l) of the Code and Bankruptcy Rule 4003. 11 U.S.C. § 522(l); Fed. R. Bankr. P. 4003(a), (b), (c). Indeed, under state law, a debtor (as the party claiming the exemption) would bear the burden of proof. *Maryland-National Capital Park and Planning Com'n v. State Dep't of Assessments and Taxation*, 110 Md. App. 667, 690 (Md. Ct. Spec. App. 1996) ("The burden of showing that an exemption is allowed under the law falls upon the claimant. *Pittman v. Housing Auth.*, 180 Md. 457, 460, 25 A.2d 466 (1942)."). Here, the Court does not dismiss state law but rather situates it within the procedural framework of the Bankruptcy Rules and the statutory language of section 522 of the Code. The Court finds that this approach is proper under applicable law and avoids the issues addressed by the cases cited *supra* note 12. *See also Hanna v. Plumer*, 380 U.S. 460, 464 (1965) ("'The test must be whether a rule really regulates procedure,—the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them.' Sibbach v. Wilson & Co., 312 U.S. 1, 14, 61 S.Ct. 422, 426, 85 L.Ed. 479."); *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 407 (2010). *Cf. Raleigh v. Illinois Dep't of Revenue*, 530 U.S. 15, 22 and n. 2 (2000) (recognizing that Congress may alter entitlements in bankruptcy and defer certain aspects to be addressed by the Bankruptcy Rules but that the Code and the Bankruptcy Rules were silent on the issue before the Supreme Court).

      In addition, and for purposes of completeness, the Court observes that the approach adopted herein also strives to reconcile and respect the various objectives articulated by the Fourth Circuit in *In re Nguyen*, 211 F.3d 105, 110 (4th Cir. 2000) (collecting cases) and *Johns Hopkins Hosp. v. Post*, 321 Fed. Appx. 259, 262–263 (4th Cir. 2009).

      Based on the entirety of the Court's review, applying a shifting burden of production in the exemption objection context thus respects applicable law and is a fair and appropriate allocation of the burden in exemption objection litigation.

[18] *See, e.g., In re Massey*, 465 B.R. 720, 728 (B.A.P. 1st Cir. 2012) (noting that the Code places the burden on debtors to properly claim exemptions).

10

The Court thus agrees, as an initial matter, with the Trustee's position in the Objection. The Debtor's amended Schedule C provides no information that would explain why or how a legal malpractice claim qualifies for a personal injury exemption under state law. Indeed, the Debtor's amended Schedule C does not either "expressly or impliedly characterize" the legal malpractice claim as a claim for personal injury. *In re Hurst*, 239 B.R. 89 (Bankr. D. Md. 1999). Likewise, nothing in the Debtor's other schedules would suggest a personal injury claim in this case.

The Trustee has met his burden to establish that "the exemption is not properly claimed[,]" as the subject claim of exemption is invalid on its face.[19] Fed. R. Bankr. P. 4003(c). The amended Schedule C filed by the Debtor identifies only a "Malpractice claim against [former counsel] related to Case Number 17-18147[.]" ECF 99. Although the ultimate burden remains with the Trustee, the Debtor must first identify an asset that appears to be covered by an exemption under Maryland law.[20] To find otherwise would tip the scale too far in a debtor's favor and would expose the system to potential fraud and abuse.[21] Because the Debtor's claim of exemption is facially invalid, the Debtor's motion for judgment on partial findings is denied.

### 2.    *Identification of an Appropriate Exemption*

The conclusion that the Trustee has made a prima facie case does not end the Court's inquiry. Rather, the Court next considers whether the Debtor's claim of exemption regarding the

---

[19] *See supra* notes 4, 18.

[20] *In re Hurst*, 239 B.R. 89 (Bankr. D. Md. 1999) ("As long as the Debtor either expressly or impliedly characterizes the settlement as falling within the exempt category, the Trustee retains the burden of proof and must present evidence to the court if he wishes to prevail on his objection.") (quoting *In re Lester*, 141 B.R. 157, 162 (S.D. Ohio 1991)). Here, the Debtor did not "either expressly or impliedly characterize[] the settlement as falling within the exempt category." *See also Maryland-National Capital Park*, 110 Md. App. at 690.

[21] The Court is not herein suggesting that the Debtor's claimed exemption on the amended Schedule C is fraudulent or an abuse of the system; rather, the Debtor simply has not provided sufficient information or evidence at this stage of the case. In addition, the Court's ruling herein should not be read as a means to catch and penalize honest or inadvertent mistakes by debtors trying to identify exemptions and complete Schedule C. The underlying purpose and importance of exemptions to individual debtors should guide any analysis of exemption deficiencies and amendments.

Malpractice Claim under Md. Code Ann., Cts. & Jud. Proc. § 11-504(b)(2) is appropriate. This approach shifts the burden of production temporarily to the Debtor to show that her claim of exemption is proper.[22] If the Debtor provides adequate support, the Court turns back to the Trustee to meet his ultimate burden of persuasion.

With respect to the Debtor's evidence, the Debtor demonstrated that she filed litigation against her former counsel and that such litigation was settled for $25,000.00. The Debtor's testimony, which was uncontroverted, also established that she was distraught and affected by the conduct of her former counsel and the related issues with her home. The Court does not doubt that the Debtor's experience was unsettling and very difficult to manage.

On the record before it, however, the Court cannot find that the Debtor's claim would qualify as an exempt personal injury recovery under Maryland law.[23] The Court notes that emotional distress may, in certain instances, rise to the level of physical injury and that Maryland law does not appear to preclude emotional distress damages in the context of a legal malpractice

---

[22] *See Hurst*, 239 B.R. at 92 ("Once the Trustee meets his burden, the debtor has an opportunity to show that the exemption is valid."); *In re Davis*, No. 99-00358-W, 1999 WL 33486078 at *2 (Bankr. D.S.C. May 28, 1999) (finding that the burden shifts to the debtor after the objecting party makes a prima facie case). In addition, the United States Court of Appeals for the Ninth Circuit has explained:

> A claimed exemption is presumptively valid.... Once an exemption has been claimed, it is the objecting party's burden ... to prove that the exemption is not properly claimed. Initially, this means that the objecting party has the burden of production and the burden of persuasion. The objecting party must produce evidence to rebut the presumptively valid exemption. If the objecting party can produce evidence to rebut the exemption, the burden of production then shifts to the debtor to come forward with unequivocal evidence to demonstrate that the exemption is proper. The burden of persuasion, however, always remains with the objecting party.

*In re Byrne*, 541 B.R. 254, 256 (Bankr. D.N.J. 2015) (quoting *Carter v. Anderson (In re Carter)*, 182 F.3d 1027, 1029 n. 3 (9th Cir. 1999)) (internal quotation marks and citations removed). *See also In re Man*, 428 B.R. 644 (Bankr. M.D.N.C. 2010).

[23] *See, e.g., In re Barton*, Case No. 05-41280 DK, 2006 WL 4667120, at *2 (Bankr D. Md. June 26, 2006) ("With respect to the Claim Against Ford, the court finds that the claimed exemption must be disallowed. The caselaw in this district is clear in setting forth that the exemption available under Maryland Code Ann. Cts. & Jud. Proc. § 11–504(b)(2) is limited to 'money that was awarded to a person for sickness, accident, injury or death' and that compensates the debtor for an injury to the physical person. *See In re Hurst,* 239 B.R. 89, 91 (Bankr. D. Md. 1999).").

claim.[24] Nevertheless, the Debtor did not offer any evidence to suggest a physical injury resulting from emotional distress.[25] For example, the Debtor did not produce any evidence of doctor or therapist bills, time off from work, or the testimony of others who observed the physical manifestation of the distress. The Court acknowledges the Debtor's own testimony regarding how the situation and emotional distress affected her, but that testimony alone cannot suffice. Indeed, Maryland courts require "objective evidence" of emotional distress damages "to guard against feigned claims." *Vance v. Vance*, 408 A.2d 728, 733 (Md. 1979).[26]

In addition, the Court observes that the settlement between the Debtor and her former counsel is silent regarding the exact nature of the claims being settled or the allocation of the monies being paid under the settlement. If the Debtor had offered adequate evidence of an emotional distress claim under Maryland law, the terms of the settlement might be less relevant. But on the current record, the Court has no evidence of a personal injury resulting from emotional distress and no indication of a settlement of that kind of claim. The Court rejects the Debtor's

---

[24] *See Schafer v. Young*, No. Civ. JFM-03-16, 2004 WL 162961, at * 1 (D. Md. Jan. 22, 2004) ("It is true, as Schafer contends, that in *Roebuck* the court did not hold that as a matter of law emotional distress damages are not recoverable in a legal malpractice case involving underlying property or commercial damage. Rather, it held only that the plaintiff's evidence was insufficient to establish emotional distress.").

[25] *See, e.g., Standard Constr. & Coatings LLC v. Chrysso C. Plato Tr.*, No. 1172, Sept. term, 2018, 2020 WL 602349, at *18 (Md. Ct. Spec. App. Feb. 7, 2020) ("A plaintiff seeking an award of non-economic damages in tort must prove a 'physical injury' that is 'objectively ascertainable.' *Hoffman v. Stamper*, 385 Md. 1, 34 (2005); *see also Exxon Mobil Corp. v. Albright*, 433 Md. 303, 352 (2013) (a 'physical injury' must be 'capable of objective determination'); *Vance v. Vance*, 286 Md. 490, 498–501 (1979) (recovery for mental distress exists if it results in 'physical injury'). To recover non-economic damages, that physical injury must also be 'clearly apparent and substantial,' more than something merely distressing. *Roebuck v. Steuart*, 76 Md. App. 298, 315–16 (1988) (plaintiff failed to show 'some clearly apparent and substantial physical injury' where the sole evidence of her 'mental anguish' was her testimony that she saw a psychologist); *see also Faya v. Almaraz*, 329 Md. 435, 455–56 (1993) (recovery of damages was limited to the period when plaintiffs had reasonable 'fear and its physical manifestations').)"; *see also Exxon Mobil Corp. v. Albright*, 433 Md. 303, 350, 71 A.3d 30, 59, *on reconsideration in part*, 433 Md. 502, 71 A.3d 150 (Md. 2013) ("After noting that mental distress alone cannot be an independent cause of action and that recovery cannot be obtained for mental distress without 'physical impact,' we expressed concern that emotional distress may be feigned easily.").

[26] *See also Wheeling v. Selene Fin. LP*, 250 A.3d 197, 222 (Md. 2021) (quoting *Hoffman v. Stamper*, 381 Md. 1 (Md. 2005)); *Exxon Mobil Corp. v. Albright*, 71 A.3d 30 (Md. 2013); *Belcher v. T. Rowe Price Found.*, 329 Md. 709 (Md. 1993).

attempt to cast the broad language of the release as sufficient. Again, finding an allowable exemption based on the current record would subject the process to potential fraud and abuse and not adequately "guard against feigned claims." *Vance*, 408 A.2d at 733.

### E. Conclusion

A debtor should be able to exempt property under applicable state law and section 522 of the Code by identifying the property and an exemption that properly covers such property on the debtor's Schedule C. The process should be straightforward and help to facilitate the debtor's rehabilitation and fresh start. A debtor should not, however, be able to identify just any property as exempt and must, at a minimum, set forth a facially valid exemption on the Schedule C.

In this case, the Debtor may in fact be able to identify a proper exemption under Md. Code Ann., Cts & Jud. Proc. § 11-504(b)(2), but she has not yet done so. The Trustee's objection to the claimed exemption on amended Schedule C is facially valid and sufficient to sustain the Trustee's initial burden. Given the Debtor's ability to amend her bankruptcy schedules and the important role played by exemptions in any bankruptcy case, the Court will allow the Debtor to further amend her Schedule C to properly claim any available exemptions under state law, including under Md. Code Ann., Cts & Jud. Proc. § 11-504(b)(2).

Accordingly, the Court will deny the Debtor's motion for judgment on partial findings, sustain the Objection, and grant the Debtor leave to further amend her Schedule C. The Court will enter a separate order consistent with this Memorandum Opinion.

cc:   Debtor
      Debtor's Counsel
      Chapter 13 Trustee

**END OF MEMORANDUM OPINION**

14